```
       UNITED STATES DISTRICT COURT
       EASTERN DISTRICT OF LOUISIANA
```

UNITED STATES OF AMERICA                    CRIMINAL ACTION

VERSUS                                      NO. 11-143

MARLON JENERRO GREEN                        SECTION "B"

### ORDER AND REASONS

Considering defendant Marlon Jenerro Green's motion for recusal (Rec. Doc. 109),

**IT IS ORDERED** that the motion (Rec. Doc. 109) is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of Court of the Eastern District of Louisiana refuse the filing of any other petition or complaint, motion, or other pleading that is accompanied by an application for leave to file or proceed in forma pauperis, excepting pleadings that contain allegations of constitutional deprivation by reason of physical harm or threats to petitioner's person. *See Green v. Carlson*, 649 F.2d 285, 287 (5th Cir. 1981).

### I. FACTS AND PROCEDURAL HISTORY

**A. Pre-trial and sentencing facts**

Marlon Jenerro Green is a U.S. military veteran who received monthly benefits from the United States Department of Veteran Affairs (VA) due to a bring injury and hernia. Rec. Doc. 89 at 1. On May 24, 2011, Mr. Green called the VA office in New Orleans—during the call, Mr. Green became upset about his

1

benefits and threatened to kill someone at the VA if his "paperwork was not right." *Id.* Later that day, Mr. Green made a second call to the VA informing them he was en route to New Orleans and reiterated his previous threat to kill a VA employee, and specifically named someone. *Id.* at 1-2. Agents at the Federal Bureau of Investigation (FBI) tracked Mr. Green's travel and, on May 31, 2011, located him at a Hampton Inn in Metairie, Louisiana. *Id.* at 2. Mr. Green permitted the agents to enter his hotel room and consented to an interview. *Id.* During the interview, the agents discovered, in plain sight, a fully loaded, Glock, .40 caliber handgun on the nightstand, which they seized as a security precaution. *Id.* Shortly after, Mr. Green was arrested. *Id.*

From the onset, Mr. Green's record demonstrated clear signs of mental health challenges. Rec. Docs. 13, 15, 22, 30, 31, 34, 35, 36, 51, 54, 55, 56. On or around June 26, 2013, Marlon Jenerro Green was sentenced under 18 U.S.C. § 875(c) for sending threatening interstate communications. Rec. Doc. 100.

**B. Recent Procedural History**

On or around December 12, 2022, defendant Green filed a notice of appeal (Rec. Doc. 102)[1] and omnibus motion (Rec. Doc. 103). On

---

[1] As it relates to this case, Mr. Green has filed two appeals with the Fifth Circuit Court of Appeals. First, on June 7, 2012, Mr. Green filed an interlocutory appeal regarding the order on motion for medical treatment. Rec. Doc. 63. On July 20, 2012,

December 28, 2022, the Court denied defendant's omnibus motion (Rec. Doc. 103) as he made conclusory allegations of illegal behavior by government officials and sought civil rights relief in the improper venue. Rec. Doc. 105; *see also* Rec. Doc. 103. However, because defendant's notice of appeal to the Fifth Circuit (Rec. Doc. 102) was pending, the Court permitted defendant to seek appointment of counsel for his criminal appeal. *Id.*

Shortly after, Mr. Green filed a pro se motion to appoint counsel. On January 18, 2023, the Court denied the motion relative to defendant's miscellaneous civil actions, explaining there is no constitutional right to appointed counsel in civil actions and because Mr. Green failed to show good cause to appoint counsel. Rec. Doc. 107. Additionally, the Order clarified that before considering appointment of counsel for the criminal appeal, the Court shall wait until the Fifth Circuit decides whether to accept jurisdiction over the nine-year-old, delayed notice of appeal. *Id.* If the Fifth Circuit accepted jurisdiction, defendant would be allowed to re-file a motion to appoint counsel over his criminal appeal, only. *Id.*

---

pursuant to R.42.3, the Fifth Circuit dismissed the appeal for want of prosecution, particularly because appellant failed to timely pay the docketing fee. Rec. Doc. 78. Second, On December 12, 2022, Mr. Green filed a nine-year-delayed notice of appeal, which the Fifth Circuit has not yet accepted jurisdiction over. Rec. Doc. 102.

On or around January 24, 2023, the pro se unit of the Eastern District of Louisiana received a letter filing by Marlon J. Green, which seemingly is a request for my recusal from his case. This time, the filing makes several harassing and inflammatory accusations against myself.

**C. Past Pro Se Actions**

Mr. Green has a long history of pro se and baseless actions. In fact, the pro se office has compiled a list of threats and filings by Mr. Green within the Eastern District of Louisiana. What's more, this Court has previously warned Mr. Green against this type of action:

> Despite efforts to promote responsive non-frivolous filings, it is apparent that the Court's general supervisory power to control its docket may require entry of an order to curtail future abuse of the judicial process by Petitioner. Such an order would, among other provisions, direct the Clerk of Court to refuse the filing of any other petition or complaint, motion, or other pleading that is accompanied by an application for leave to file or proceed in forma pauperis, excepting pleadings that contain allegations of constitutional deprivation by reason of physical harm or threats to petitioner's person.

See *Green v. United States of America*, Civil Action 2:17-cv-07329, Rec. Doc. 27.

As previously noted, this Court is also aware that for similar reasons in another context, Petitioner's right to file certain complaints was suspended by order of the Chief Judge of the United States Court of Appeals for the Fifth Circuit. *Green v. United States of America*, Civil Action 2:17-cv-07329, Rec. Doc. 26 at 8

("Your right to file further judicial misconduct complaints was suspended by Chief Judge Stewart's order entered December 13, 2017 in Judicial Misconduct Complaint No. 05-18-90012 through 05-18-90014.").

Petitioner's repetitive filings in the Eastern District of Louisiana are also exhibited in the following **13** cases[2] that showed dismissals due to his failure to comply with court orders, failure to present coherent or non-conclusory claims, failure to prosecute, or failure to present non-frivolous or non-repetitive claims:

**Judge Barbier, Section J:**
- 2:04-cv-01429-CJB, *Green v. VA, et al.*, filed 05/19/04, closed 11/24/04.
- 2:04-cv-02749-CJB, *Green v. Veterans Hosp NO, et al.*, filed 10/06/04, closed 02/19/05.
- 2:05-cv-01316-CJB-ALC, *Green v. Maurin, et al.*, filed 04/05/05, closed 04/25/05.

**Judge Africk, Section I:**
- 2:04-cv-02363-LMA, *Green v. Wal-Mart Employee's, et al.*, filed 08/17/04, closed 10/28/04.

**Judge Milazzo, Section H:**
- 2:16-cv-15137-JTM-JVM, *Green v. Yates, et al.*, filed 09/30/16, closed 12/14/16.
- 2:17-cv-10038-JTM-KWR, *Green v. Hartford*, filed 10/03/17, closed 04/10/18.
- 2:18-cv-09005-JTM-MBN, *Green v. United States of America*, filed 09/27/18, closed 02/06/19.

**Judge Lemelle, Section B:**

---

[2] The Court does count the instant criminal action to this figure, even though Mr. Green has filed numerous incoherent and frivolous motions following his sentencing.

- 2:11-cr-00143-ILRL-SS, *USA v. Green*, filed 05/31/2011, defendant pled guilty to indictment 04/03/13, defendant sentenced 06/26/13 (this case).
- 2:12-cv-00432-ILRL, *Green v. Stevenson, et al.*, filed 02/15/12, closed 02/14/13.
- 2:17-cv-07329-ILRL-JVM, *Green v. United States of America*, filed 07/28/17, closed 02/14/18.
- 2:19-cv-00268-ILRL-KWR, *Green v. John Bel-Edwards Administration, et al.*, filed 1/14/19, closed 05/01/19.

**Judge Vance, Section R:**
- 2:12-cv-01037-SSV-ALC, *Green v. United States of America*, filed 3/30/12, closed 05/09/12.
- 2:18-cv-08018-SSV-MBN, *Green v. United States of America*, filed 08/22/18, closed 01/18/19.

**Judge Morgan, Section E:**
- 2:19-cv-00502-SM-MBN, *Green v. National Football League, et al.*, filed 01/24/19, closed 01/28/19.

## II.   LEGAL STANDARD

No one, rich or poor, is entitled to abuse the judicial process. *Hardwick v. Brinson*, 523 F.2d 798, 800 (5th Cir. 1975). Flagrant abuse of the judicial process can enable one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants. *Clovis Green v. Carlson,* 649 F.2d 285, 287 (5th Cir. 1981).

As noted in another matter pertaining to Mr. Green, despite efforts to promote responsive non-frivolous filings, it is apparent that the Court's general supervisory power to control its docket mandates entry of an order to curtail future abuse of the judicial process by Petitioner. Accordingly,

**IT IS ORDERED** that the instant motion for recusal is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of Court of the Eastern District of Louisiana refuse the filing of any other petition or complaint, motion, or other pleading that is accompanied by an application for leave to file or proceed in forma pauperis, excepting pleadings that contain allegations of constitutional deprivation by reason of physical harm or threats to petitioner's person. *See Green v. Carlson*, 649 F.2d 285, 287 (5th Cir. 1981).

New Orleans, Louisiana this 3rd day of February, 2023

_____
SENIOR UNITED STATES DISTRICT JUDGE